# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MCKINNEY FRATERNAL ORDER OF POLICE LODGE 107 | § § § | |
| v. | § § | CASE NO. 4:15-CV-689<br>Judge Mazzant |
| CITY OF MCKINNEY, TEXAS and MCKINNEY POLICE ASSOCIATION | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants', City of McKinney and McKinney Police Association, 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #13). After considering the relevant pleadings, the Court finds that Defendants' motion should be granted in part and denied in part.

## BACKGROUND

The source of this dispute is grounded in a labor contract negotiated between the City of McKinney, Texas ("the City") and the McKinney Police Association ("MPA") (collectively, "Defendants") that became effective October 1, 2015 (Dkt. #1 at p. 1). This contract applies to all McKinney Police Department Officers, which includes members of McKinney Fraternal Order of Police Lodge 107 ("Lodge 107"). The specific controversy arises over provisions that (1) terminated Lodge 107's automatic payroll deductions for association dues ("dues check-offs"), and (2) barred Lodge 107's members from further use of police department bulletin boards (Dkt. #1 at pp. 1-2).

The parties agree that during all relevant times, the labor contract was required to be negotiated under the meet and confer provisions of Tex. Loc. Gov't Code §§ 142.051-068 (Dkt. #1 at p. 5; *see* Dkt. #13 at p. 3). As the majority union, MPA was the exclusive

1

bargaining agent of the McKinney Police Department (Dkt. #1 at p. 5; Dkt. #13 at p. 2). Negotiations between MPA and the City were not open to the public,[1] and none of Lodge 107's members were included in these negotiations (Dkt. #1 at pp. 7-8; Dkt. #13 at p. 2). Pursuant to Tex. Gov't Code § 142.064, the proposed contract required ratification by a majority of officers in the department before it could take effect.

Lodge 107 alleges that on or about July 5, 2015, and prior to the required ratification vote, MPA distributed a bullet point summary highlighting the differences between the current and the proposed labor agreements (Dkt. #17 at p. 5). Lodge 107 further alleges this summary failed to disclose that the proposed contract would terminate dues check-offs and use of department bulletin boards for anyone not a member of MPA (Dkt. #17 at p. 5). The parties agree that the negotiated labor contract was ratified by the majority of the McKinney Police Department Officers on or around July 8, 2015, and became effective on October 1, 2015 (Dkt. #1 at p. 7; Dkt. #13 at p. 3). Lodge 107 alleges that Defendants have long expressed their opposition to any competing association, and that this represents the latest effort to suppress the viewpoints of Lodge 107's members. (Dkt. #1 at p. 7).

On October 7, 2015, Plaintiff filed a complaint that asserts the following claims: (1) deprivation of First Amendment rights of freedom of speech and association under 42 U.S.C. § 1983; (2) deprivation of due process of law under 42 U.S.C. § 1983; (3) deprivation of equal protection of the laws under 42 U.S.C. § 1983; (4) unlawful conspiracy to deprive Lodge 107 of its constitutional rights under 42 U.S.C. § 1985; and (5) declaratory relief (Dkt. #1). On November 24, 2015, Defendants filed their 12(b)(6)

---

[1] While Plaintiff and Defendants disagree on the permissibility of these meetings, the Court finds that a plain reading of Tex. Loc. Gov't Code § 142.036(b) allows for the City or MPA to conduct internal private caucuses, but not private negotiations with each other.

Motion to Dismiss for Failure to State a Claim (Dkt. #13). On January 8, 2016, Plaintiff filed a response (Dkt. #17), and on February 10, 2016, Defendants a reply (Dkt. #28).

**LEGAL STANDARD**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

**ANALYSIS**

After reviewing the complaint, motion to dismiss, response, and reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion, except as to the 42 U.S.C. § 1985(3) conspiracy to interfere with civil rights claim, which the Court will address below.

The Supreme Court has yet to define the limits of what, "perhaps class-based, invidiously discriminatory animus" covers. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). However, the Fifth Circuit has unequivocally held that to state a claim under section 1985(3), a plaintiff must plead: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States; and (5) a racially based discriminatory animus. *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014); *see Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 224 (5th Cir. 2008); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001); *Newberry v. E. Texas State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998).

Defendants argue that the claim should be dismissed because Lodge 107's status as a "class" does not fall within the narrow scope of section 1985(3). (Dkt. #13 at pp. 14-15). Defendants cite *United Brotherhood of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 837 (1983), which held that a class based upon economic animus is not protected under section 1985(3) (Dkt. #13 at p. 15). Defendants assert that as a police union, Lodge 107 is a class based upon economic animus, and therefore not within the

scope of section 1985(3) (Dkt. #13 at p. 16). Lodge 107 argues that Defendants mischaracterize unions as purely economic based classes (Dkt. #17 at pp. 25-26). To support this contention, Lodge 107 cites *Liberty City Officers Ass'n v. Stewart*, 903 F. Supp. 1046 (E.D. Tex. 1995)[2], which held a police organization to be a class within the scope of section 1985(3) (Dkt. #17 at p. 26).

Neither party addresses the element of a racially based discriminatory animus as required by the Fifth Circuit. The Court finds Lodge 107's complaint and response are devoid of any factual allegations that Defendant's conduct was motivated by any racial considerations. Therefore, the Court finds that Plaintiff's claim pursuant to 42 U.S.C. § 1985(3) should be dismissed as not plausible.

## CONCLUSION

It is therefore **ORDERED** that Defendants', City of McKinney and McKinney Police Association, 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #13) is hereby **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Plaintiff's claim of conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) is hereby **DISMISSED** with prejudice.

It is further **ORDERED** that if Plaintiff believes it can assert a claim meeting the elements of section 1985(3), it may file a motion for leave to amend its complaint.

**SIGNED this 1st day of April, 2016.**



AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] In *Liberty*, it appears that the issue of racial animus was not assessed.